UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WHITNEY ELIZABETH FOSTER, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 5:16-cv-00521-MHH |
| | } |
| ADVANCED CORRECTIONAL HEALTHCARE, INC., et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION

The Court stayed the proceedings in this matter as to defendants Cassie Maloney, Sheree King, Joyce Williams, Benzilla Anderson, Mildred Patton, Charity Beasley, Shelby Spicer, Felicia Deshields, Emily Nobles, and the Estate of Steve Morrison pending resolution of those correctional officers' motion to dismiss Ms. Foster's amended complaint. (Doc. 107).[1] The Court lifted the stay when it issued a memorandum opinion denying the correctional officers' motion to dismiss. (Doc. 108). The correctional officers seek to reinstate the stay and extend the stay to all proceedings pending the officers' appeal of the Court's denial of their motion to dismiss. (Doc. 113). For the reasons stated below, the Court

---

[1] Although the Court allowed the other parties in the case to engage in paper discovery while the Court evaluated the defendants' motions to dismiss (Doc. 107), Ms. Foster has indicated that the parties provided "no discoverable information" after the Court issued the partial stay. (Doc. 115, p. 2).

1

denies the correctional officers' motion to stay "all deadlines and proceedings in this matter pending the outcome of the pending appeal." (Doc. 113, p. 1).

Ms. Foster filed her complaint in 2016, and the underlying conduct occurred in 2014. No party has taken a deposition in the case, and witnesses' memories may be fading. Ms. Foster has sued not only the correctional officers but also more than one dozen other defendants, all of whom have answered Ms. Foster's amended complaint. (*See* Docs. 61, 64, 65, 73-82). The correctional officers may be able to limit their participation in discovery and trial if they succeed on appeal, but they will not escape discovery or trial because they are witnesses who have relevant information relating to Ms. Foster's claims against the other 13 defendants in the case. The officers' version of the events leading to Ms. Foster's alleged injuries sets the backdrop for all of Ms. Foster's claims.

The Court must balance the interests of the correctional officers against the interests of all of the other parties in the case. In *Apostol v. Gallion*, a decision that the Eleventh Circuit Court of Appeals has cited with approval when examining motions to stay pending appeal, the Seventh Circuit Court of Appeals explained while a stay pending appeal "protects the interests of the defendants claiming qualified immunity," a stay also:

> may injure the legitimate interests of other litigants and the judicial system. During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined.

2

*Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989), cited with approval in *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004). To balance these interests, the Court must allow discovery to proceed, to the extent that discovery does not delve into immunity issues. The Eleventh Circuit Court of Appeals requires nothing else. As the Court of Appeals stated in *Blinco*, during a non-frivolous interlocutory appeal, a district court "should not exercise control over the aspects of the case involved in the appeal" -- here the correctional officers' entitlement to qualified and state-law immunities. *Blinco*, 366 F.3d at 1251.[2] The Eleventh Circuit does not require a blanket stay of all proceedings in a multi-party action.

To the extent that the correctional officers' efforts to avail themselves of sovereign immunity give rise to logistical issues concerning discovery, the parties may propose and the Court may order limits on discovery that will protect the correctional officers' interests until their appeal is resolved.

The Court orders the parties to confer and propose revised deadlines for an updated scheduling order.

---

[2] Because there is an independent basis for denying the motion to stay all proceedings, the Court need not determine whether the officers' appeal is frivolous. The Court stands by its memorandum opinion and will not rehash here the reasons the Court finds that the correctional officers are not entitled to immunity on the basis of the record currently before the Court.

The Court asks the Clerk to please TERM Docs. 113, 118, and 122.

**DONE** and **ORDERED** this February 22, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE